No. 22,088.

ELIJAH E. EMERY, *Appellant*, V. MARTHA JANE EMERY et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. DIVORCE—*Provision for Support and Education of Minor Children—Provision May Extend Only During Minority.* The statute authorizing the court upon granting a divorce to provide for the guardianship, custody, support and education of the minor children of the marriage, contemplates making provision for the children only during their minority, and grants no power to transfer any of the property of either parent to the children for the purpose of creating an estate for their permanent benefit. A part of a decree attempting to do this is wholly void and open to collateral attack.

2. SAME—*Decree for Support of Children Partially Void.* The evidence is held not to show that the parent owning the property so attempted to be transferred was estopped to challenge the validity of the part of the decree referred to.

3. SAME—*Guardian Ad Litem Entitled to Compensation.* A guardian *ad litem.* of minors, who represents them on an appeal in a doubtful case, is entitled, irrespective of the result, to an allowance by this court for compensation for his services here, to be taxed as costs.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed April 12, 1919. Reversed.

*John Heasty,* and *W. H. Barnes,* of Fairbury, Neb., for the appellant.

*N. J. Ward,* and *John F. McClure,* both of Belleville, for the appellees.

The opinion of the court was delivered by

MASON, J.: In February, 1914, Martha Jane Emery was granted a divorce from Elijah E. Emery, and was awarded the custody of their two children, aged five and seven years. The decree, from which no appeal was taken, included a provision that an eighty-acre tract of land, which had belonged to the husband, should be owned by the children, subject to a life interest in their father. In November, 1915, the father brought an action against the children, the mother also being made a defendant, asking that his title to the land be quieted—that he be declared to be the absolute owner of it, on the ground that the part of the decree which undertook to vest the fee in the children was wholly void. He was denied relief, and now appeals.

Had an appeal been taken from the part of the judgment in the divorce case which purported to give the land to the children, a reversal could have been had. (*Rodgers v. Rodgers,* 56 Kan. 483, 43 Pac. 779; *Davidson v. Davidson,* 165 N. W. 44 [Iowa].) But whether the present proceeding is regarded as a direct or a collateral attack, it cannot succeed merely because the judgment was erroneous. Inasmuch as no appeal was taken and no effort was made to procure a modification of the judgment according to some method prescribed by the statute, it has become final and is binding upon the parties unless the portion of it now in question was without force from the beginning by reason of being in excess of the jurisdiction of the court.

If it could be presumed that the purpose of the court in plac-

ing the title to the property in the children was to provide for
their support and education during their minority, it might
well be thought that the order was merely voidable—the exer-
cise in an erroneous manner of a power granted by the stat-
ute—but the decree is not open to this interpretation, for it
contained a distinct provision for a payment by the husband to
the wife for that purpose of an annual sum, which was secured
by a lien upon his land, and which was later increased from
$200 to $300. Moreover, a decree that the land should pass to
the children on the death of their father cannot reasonably be
thought to have been intended as a means of providing for
their maintenance prior to their majority. The obvious in-
tention was to create an estate for their permanent benefit.

The statute provides that where (as in this case) a divorce
is granted by reason of the fault of the husband, the wife shall
be restored to all the property owned by her before marriage
or acquired by her in her own right thereafter, and shall be al-
lowed such alimony out of her husband's property as the court
shall think reasonable. (Gen. Stat. 1915, § 7581.) The pro-
vision with regard to the protection of the children reads:
"When a divorce is granted the court shall make provision for
the guardianship, custody, support and education of the minor
children of the marriage, and may modify or change any order
in this respect whenever circumstances render such change
proper." (Gen. Stat. 1915, § 7580.) This clearly means that
provision shall be made for the support and education of the
children until they shall become of full age. It does not con-
template the creation of a fund for their maintenance after at-
taining majority, their parents being then under no legal ob-
ligation to care for them.

A judgment which declares a legal obligation where none
exists under the statute may be effective until set aside in ac-
cordance with some prescribed method, upon the ground that
where the court is required to pass judicially upon a question
the binding force of its decision does not depend upon its cor-
rectness (*Investment Co. v. Wyandotte County,* 86 Kan. 708,
121 Pac. 1097); but that principle applies only where the
action taken is within the field over which the power of the
court extends. Although a court may be called upon to decide
the extent of its own power, it cannot be true that where the

question so presented is purely one of law, a mistaken decision affirming its jurisdiction must be deemed binding upon the parties to the litigation until set aside, for this view would, in effect, abolish the limits of jurisdiction, and a judgment (for instance) by a justice of the peace upon a claim for more than three hundred dollars would be merely erroneous, and not void. It may not always be easy to distinguish between the attempted exercise of a power that is utterly lacking, and the mistaken exercise of an existing power, but the soundness and importance of the distinction cannot be doubted.

The power even of a court of general jurisdiction does not extend to taking property from a party to an action and giving it to a stranger. Whatever power the district court has in a divorce suit to afford protection to the children of the parties, is derived from the statute quoted; and is limited to making provision for their support and education during their minority. We regard the attempt to give them outright a part of the father's property, as lying outside of the power granted, and therefore as wholly ineffective, where, as in this case, it is clear that the purpose of such transfer was not to make provision for their maintenance during their minority.

We discover but one reported case bearing directly upon this question. There a federal court disregarded as utterly void a similar order of a state district court made under a statute not essentially different from our own, although because of the generality of its terms it was open to a possible interpretation authorizing provision to be made for the children even after they had become of age. In the opinion it was said:

"The decision of the circuit court given in the suit for divorce, so far as it provides that the premises in controversy should be held by, or for the use of the minor children of Jacob, beyond the time when they should become of age respectively, is simply void. Upon any construction that I am able to give the act, the legislative assembly did not intend that a father's property should be arbitrarily taken from him and given to his adult child, or what amounts to the same thing, to his minor child to hold and possess after he becomes of age, because forsooth, in a civil suit for divorce, he was adjudged to have broken his marriage vows, or neglected the duties which they imposed upon him." (*Fitch v. Cornell*, 1 Sawyer, 156, 170, 9 Federal Cases, 172, 178.)

Later, the supreme court of Oregon, upon the strength of an earlier and apparently unreported case which had some connection with that passed upon by the federal court, held that the

statute did authorize the court in a divorce case to transfer to the children the title to land belonging to the parent in fault. (*Doscher v. Blackiston,* 7 Or. 403.) It was said in the opinion, however, that if the court had no power under the statute to convey the land to the children, then all that part of the decree was void, and that if the decree failed to make the conveyance, the title remained where it was.

2. The contention is made that the appellant has so far acted upon the judgment in the divorce case as to be estopped to deny its force. The only part of the judgment the validity of which is questioned is that separate and distinct portion which undertakes to vest in the children the title to a part of their father's land. The children are the appellant's adversaries in the present litigation. There is nothing in his conduct that seems to have affected their situation to their disadvantage, or that we regard as creating an estoppel. He has been in the occupancy of the land in controversy, in which, by the terms of the decree, he was to hold only a life estate, but he was entitled to possession of the property as its owner irrespective of the decree.

3. The guardian *ad litem* appointed to represent the children in this litigation asks that, irrespective of the result, an allowance be made for his services in this court, to be taxed as costs. The present statute, as amended in 1911, provides that such a guardian shall "receive such reasonable compensation as the court or judge before whom the action is pending, or tried, may order, the same to be taxed and collected as costs in the action." (Gen. Stat. 1915, § 6922.) Under this language, we think it proper that the compensation of the guardian for his services on appeal should be allowed by this court. The question involved in the litigation was sufficiently doubtful so that the resistance of the appeal was justified, and the reversal of the judgment is not a ground for denying compensation. (22 Cyc. 666.) An allowance of one hundred dollars will be made, in addition to the cost of printing the brief. Inasmuch as the appellant, as the father of the children, would in any event ultimately be liable for the services properly rendered for them, the allowance will be taxed directly to him.

The judgment is reversed, and the cause is remanded with directions to render judgment quieting the plaintiff's title.