No. 22,141.

ETTA J. MELTON and JESSE A. EVERY, *Appellants,* v. WILLIAM A. EVERY, *Appellee.*

SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY—*Award of Real Estate to Minor Children Void.* Following *Emery .v. Emery,* 104 Kan. 679, 180 Pac. 451, that part of a decree granting to the wife a divorce which declares that real estate belonging to the husband shall be the sole property of the minor children is *held* to be wholly void and open to collateral attack.

Appeal from Labette district court; NELSON CASE, judge *pro tem.* Opinion filed July 5, 1919. Affirmed.

*Charles H. Apt,* of· Iola, and *E. L. Burton,* of Parsons, for the appellants.

*S. J. Mattox,* of Oswego, *John T. Pearson,* and *W. D. Atkinson,* both of Parsons, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In April, 1902, Etta J. Every, now Etta J. Melton, was granted a divorce from William A. Every, and was given the custody of their two children, two were minors. No appeal was taken from the decree, which included the following provision:

"The plaintiff be and she hereby is granted as permanent alimony the sum of $100.00; and the farm property described as follows, to-wit: The north half of the northeast quarter of section twenty-eight (28) in township thirty-two (32), range eighteen (18) east in Labette county, Kansas, is declared to be the sole property of the minors Jesse Every and

Leslie Every, is placed in trust with the said plaintiff for the benefit of said minor children, said trust being subject to the further order of the court as to the support, education and maintenance of said minor children."

Following the decree Mrs. Every took possession of the land, and continued to hold and manage it until the fall of 1916. Leslie J. Every, the younger of the minor children, attained his majority October 20, 1916, and conveyed whatever interest he had in the premises to his mother. Immediately thereafter the father took possession of the premises and has continued in possession ever since.

Mrs. Every, joining the other son as plaintiff, brought this action to recover possession of the property, alleging that plaintiffs are the legal and equitable owners of the land, and asking that their title be quieted as against the defendant. From a judgment against them plaintiffs appeal.

The contention is that defendant's right to the land was litigated and settled in the divorce case, and that the judgment now appealed from amounts to a setting aside of the decree in the divorce case. It is insisted that the most that could be claimed against the decree is that it was erroneous, and that the only way in which the error could be corrected was by an appeal.

In *Emery v. Emery,* 104 Kan. 679, 180 Pac. 451, the first paragraph of the syllabus reads:

"The statute authorizing the court upon granting a divorce to provide for the guardianship, custody, support and education of the minor children of the marriage contemplates making provision for the children only during their minority, and grants no power to transfer any of the property of either parent to the children for the purpose of creating an estate for their permanent benefit. A part of a decree attempting to do this is wholly void and open to collateral attack."

That decision controls the present case. In the opinion it was said:

"Whatever power the district court has in a divorce suit to afford protection to the children of the parties is derived from the statute quoted, and is limited to making provision for their support and education during their minority." (p. 682.)

If the language of the decree divorcing defendant from his former wife and making provision for the benefit of the minor children should be construed as intended to vest in the minor

children the legal title to the real estate then belonging to the husband, that portion of the decree is wholly void and open to collateral attack. This did not, of course, affect the validity of the remaining portions of the decree.

The judgment is affirmed.