No. 24,555.

JOHN W. COWLE, *Appellee*, v. (JENNIE M. COWLE,) WILLIAM MACY COWLE and HELEN COWLE, *Appellants*.

SYLLABUS BY THE COURT.

1. DIVORCE AND ALIMONY—*Amicable Settlement of Property Rights Between the Parties*. Pending the consideration of a suit for divorce, amicable settlements between the parties relating to their property interests are not only lawful but commendable.

2. SAME—*Mutual Agreement as to Property Rights Recited in Decree of Court Valid*. The parties to a suit for divorce mutually agreed upon a disposition of their property and, among other things, that the fee title to a certain forty acres of land should vest in their children, the wife to have the use thereof until their majority, and caused such agreement to be recited in the decree of the court and judgment to be entered in accordance therewith; *held*, such agreement is binding upon the parties.

Appeal from Jewell district court; WILLIAM R. MITCHELL, judge. Opinion filed November 10, 1923. Reversed.

*N. J. Ward* of Belleville, for the appellants; *George Austin Brown*, of Wichita, of counsel.

*Olin Hunter*, and *Tom Kennett*, both of Concordia, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Originally this was a suit for a divorce brought by John W. Cowle against his wife, Jennie M. Cowle. The decree rendered November 12, 1912, granted a divorce to the defendant, gave her the custody of the two minor children, then of tender years, and $500 and certain personal property as alimony, and as to the other property it recites an agreement of the parties as to the disposition of certain real property as follows:

"And thereupon in open court the said parties to this suit agreed upon the division of property rights, as follows: to wit:—1. That the defendant, Jennie M. Cowle, shall have and hold in fee simple, the northeast quarter (NE4) of northeast quarter (NE4) of section six (6) of Township four south of range three west of the 6th P. M.; and the said children William Macy Cowle and Helen Cowle shall have and hold in fee simple, as tenants in common, the northwest quarter (NW4) of the northeast quarter (NE4) of section six (6) of township four (4) south of range three (3) west of the 6th P. M. this defendant to have the possession, use and control of the same until said children reach the age of majority; and the plaintiff, John W. Cowle, shall have and hold in fee simple the southeast quarter (SE4) of section nineteen (19) in

township four (4) south of range three (3) west of the 6th P. M. all said land being situated in Republic County, Kansas; and that said persons named shall hold their premises respectively free and clear from any claim, right, title, or interest of the others, except the defendant's use and possession of the said children's premises, as stated."

The decree then disposed of the real property in accordance with this agreement. In December, 1921, the plaintiff filed a motion to set aside that portion of the judgment of November 12, 1912, attempting to give the fee simple title to certain land to the minor children, alleging that plaintiff had at all times owned the land and that the order was null and void. He also asked that the children be made parties defendant and an order to that effect was made and they were notified to appear and show cause why the motion should not be sustained. Upon proper application a guardian *ad litem* was appointed for the children and he answered that the judgment was entered upon agreement of the parties made in open court in consideration of their mutual interest in the children and for the purpose of effecting an agreement as to their property rights and that in accordance with the agreement defendant had taken possession of said premises and had remained in possession thereof, and asked that their title thereto be quieted. The plaintiff replied to this answer and cross petition setting out his version of the agreement and denying that he had made a gift of the land to the minors. On June 16, 1922, the court sustained a motion in favor of plaintiff for judgment upon the pleadings and entered an order setting aside that portion of the decree of November 12, 1912, granting to the minor children the fee title to the forty acres of land. The minors have appealed.

It is contended by appellee that the court was without power to vest the title of the land in the children for the reason that they were not parties to the action, and he cites the cases of *Rodgers v. Rodgers,* 56 Kan. 483, 43 Pac. 779, and *Emery v. Emery,* 104 Kan. 679, 180 Pac. 451. Appellants concede the rule of law as announced in those cases but say this differs from those cases in that here is an agreement between parties to an action for the benefit of themselves and members of their family in whom they are both interested; that the minors are now parties to this action, having been made so by an order of the court upon plaintiff's request, and that their rights in the property under the agreement made between their parents for their benefit can properly be determined without regard to the validity of the decree, considered simply as a judgment of the court.

Cowle v. Cowle.

In 19 C. J. 340, the rule is thus stated:

"Voluntary settlements of the property interests between the parties pending a divorce suit are not only lawful, but are to be commended. Such settlements are binding when the agreement therefore is embodied in the decree, and has become merged therein."

And after noting that the same rule applies to agreements looking to such amicable settlement entered into prior to the commencement of the suit, it was said: "And a decree made pursuant thereto for the benefit of the children is enforceable by the children."

In *Palmer v. Fagerlin*, 163 Mich. 345, it was held:

"After an actual separation or the filing of a bill for divorce amicable settlements between the parties relating to their property interests are not only lawful but commendable." (Syl. ¶ 2.)

In *Miller v. Miller*, 234 Ill. 16, it was held:

"A separate maintenance decree may provide for the payment by the husband of a certain sum per month to the wife, and may also provide that he shall convey to the minor child, whom the wife is to support and educate, certain real estate subject to a life estate in the wife, and if such decree is entered by consent of the parties it is binding, and may be carried into effect after the husband's death, as against his heirs." (Syl. ¶ 1.)

In the opinion it was said:

"The decree in the separate maintenance suit, which, as we have above indicated, was entered by agreement, directed that Jacob Miller and his wife should join in a deed conveying the two lots to Hattie Miller, subject to a life estate which by the deed should be reserved to Jane Miller, and provided that in event of the death of Hattie Miller without heirs of her body, such property, after the death of Jane Miller, should revert to Jacob Miller. . . . No deed was ever made in accordance with the decree entered. . . . Jane and Hattie Miller in this proceeding sought to have the decree in the suit for separate maintenance carried into effect so far as it related to the conveyance of the title to the lots . . . It is contended on the part of defendants in error that the suit for separate maintenance was a suit solely for the recovery of money; that the relief granted by decree in such a suit must be confined to that sought by the bill, and that the provision in the decree directing the conveyance of the property to Hattie Miller is entirely without the scope of the litigation and was in reference to a matter that the court was not called upon to consider, and that this provision last mentioned is therefore entirely null and void. We think this position not tenable. The husband and wife had the right to fix, by agreement, the amount of money that should be paid to or the amount of property that should be received by the wife to provide for her separate maintenance. . . . and as the wife was charged by the decree with the maintenance and education of the child there was no lawful objection to her making provision for conveyance of the title to the daughter, which should

become effective, so far as the right to the possession of the property was concerned, after the death of the mother." (pp. 18, 19.)

In *Gould v. Gunn*, 161 Iowa, 155, it was held:

"A contract between husband and wife for a division of their property in contemplation of divorce, and a decree of divorce based upon the contract, when made for the benefit of children, may be enforced by them." (Syl. ¶ 2.)

In this case after the separation of husband and wife a divorce was contemplated and an agreement was entered into between them which contained the following provision:

"In case a suit for divorce shall be brought by either party and a divorce is decreed by the court, it is stipulated between said parties that the decree shall award all the property, real and personal, now belonging to and held by the said parties jointly, or separately, to Mrs. Anna Gould (the wife) and to Henrietta Gould, Selina Gould, and Kittie Gould (children of the parties) jointly, each with right of survivorship in case of the death of either one without a child being born to them hereafter; that is, in case of the death of either one without a child being born as aforesaid, her right will pass to the survivors in equal proportions; share and share alike." (p. 157.)

The decree of divorce granted recited the stipulation and entered judgment in accordance therewith and it was held that the decree was enforceable by the children in a suit in equity.

That it is evidenced by a decree of a court of record is, of course, no objection to the agreement. That the parties could have accomplished the same disposition of their property by proper instruments executed by them and recorded, no one doubts. There is no just reason why they could not accomplish the same purpose by an agreement which they caused to be entered in a decree of a court of record, in a suit to which they were parties. The cause will be reversed with directions to enter judgment for the minors.