*In re* Hipple.

No. 27,548.

In re Application for Writ of Habeas Corpus for BETTY JEAN HIPPLE and FRANCIS BYRON HIPPLE; FLOYD HIPPLE, *Petitioner,* v. LULITA HIPPLE, *Respondent.*

(256 Pac. 1015.)

SYLLABUS BY THE COURT.

1. PARENT AND CHILD—*Custody and Control—Right as Between Divorced Husband and Wife.* In this application for a writ of habeas corpus to transfer the custody of two children from their mother to their father, the facts considered, and the application provisionally denied; the respondent is ordered to cause the children to be returned to their home forthwith, but she is to continue to have their custody if she chooses to reside with them; otherwise the custody of the children will be transferred to the petitioner.

2. SAME—*Generally.* Other details of this order set out in opinion, and jurisdiction of the cause retained.

Original proceeding in habeas corpus. Opinion filed June 22, 1927. Writ provisionally denied, with special orders.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the petitioner.

*John W. Adams, Ross McCormick* and *H. C. Osborne,* all of Wichita, for the respondent.

The opinion of the court was delivered by

DAWSON, J.:   This is an original proceeding in habeas corpus wherein Floyd Hipple, a resident citizen of Hutchinson, seeks to obtain the custody of his two small children now with their mother, Lulita Hipple, who resides in Wichita.

The pertinent facts are these: In June, 1925, the parents, Floyd and Lulita Hipple, then residents of Hutchinson, Reno county, were divorced. Lulita was given the custody of their three children, Miriam, Betty Jean and Francis Byron. The eldest daughter, Miriam, presumably because she was of an age which privileged her to choose her own guardian, continued to make her home with her father, the petitioner herein. The petitioner's fine modern ten-room, well-furnished family residence, situated in spacious grounds in a restricted district, close to school and church and to a city park,

Courts, 15 C. J. p. 1063 n. 32. Divorce and Separation, L. R. A. 1917B, 290; 9 R. C. L. 473. Habeas Corpus, 29 C. J. p. 118 n. 36. Parent and Child, 29 Cyc. p. 1594 n. 85.

was set apart by the court as a home for the children, together with a monthly allowance of $100 to the mother for their maintenance, and the mother was given the privilege of residing in the home thus provided so long as she remained unmarried, and she was also awarded $150 per month on her own behalf as alimony. The father was permitted to visit the children at reasonable intervals, and he was required to pay the taxes and insurance on the home and keep it in repair. (See *Hipple v. Hipple,* 121 Kan. 495, 247 Pac. 650.)

That arrangement was followed until early in 1926, when the mother went to Excelsior Springs for two months, leaving the two children in their father's care. Later, in the summer of 1926, the mother took the two children to Peck, in Sumner county, and a month later to Wichita, where she rented an apartment of two rooms and a kitchenette and set up housekeeping therein for herself and the children, and had them enrolled in the Wichita city schools.

The father complained of this to the district court, and that court dispatched the sheriff of Reno county to Wichita to bring the children back to their Hutchinson city home. He was halted with a writ of habeas corpus issued by one of the judges of the Sedgwick county district court at the instigation of the mother. Before this latter judge the father also sued out a writ of habeas corpus for the possession of the children, setting up the Reno county judgment and certain supplementary orders of that court. The two cases were heard together and judgment was entered in favor of the mother.

To speedily determine the best interest of these children, which manifestly is in danger of being lost sight of in the hostile and litigious proclivities of their parents, and to put a summary quietus on what bids fair to develop into a scandalous conflict of jurisdiction of district courts, the original and paramount jurisdiction of this court is invoked.

It must first be noted that the father's rights were as securely determined by the divorce decree as those of respondent. He was entitled to have the children reside where he could conveniently and frequently visit them. He yielded without protest to that part of the decree which divested him of the title to his Hutchinson residence because it was satisfactory to him to have it set apart to be his children's home, where it would be convenient for him to associate with them at seasonable times, although such divesting of his title

*In re* Hipple.

could certainly have been invalidated by appeal. (*Emery v. Emery,* 104 Kan. 679, 180 Pac. 451; *Melton v. Every,* 105 Kan. 255, 182 Pac. 543.) The father also shows that he has observed the monetary terms of the judgment for the children's maintenance and the monthly payments of alimony; and the circumstances tend persuasively to show that the taking of the children to Wichita where they were housed in a small apartment greatly inferior to the home provided for them by the order of the Reno county district court, and in which they have been reared hitherto, is not for their welfare nor to serve their best interests. Moreover, it is to their detriment that the children are kept so far away from their father and their elder sister, for, notwithstanding the divorce of the parents, the ties of intimacy and association with their father and sister should be cherished factors in the matter of their correct upbringing. Furthermore, it savors strongly of ill-advised conduct on the part of the respondent that when the father came to Wichita to gratify his natural inclination towards the society of his children, she repeatedly caused his arrest on groundless charges of abandoning his children and failing to support them. The affidavit of the clerk of the district court of Reno county shows that all monthly payments for the children's maintenance, as well as respondent's monthly alimony, were promptly and regularly paid.

On behalf of the respondent mother, the two judgments of the third division of the district court of Sedgwick county are set up in her return to our writ, and she offers the excuse for taking the children away from their home that the father had the habit of coming to the Hutchinson home in an intoxicated condition, that he offered violence to her person, broke her arm, and used profane language in the presence of herself and the children, for which alleged reasons she had removed her abode to Wichita and had taken the children with her. The matters thus averred to compose this excuse are not convincing. The respondent has not hitherto manifested any peculiar meekness of disposition which would justify an inference that she would submit to any such impositions by this petitioner. Nor can we countenance an inference that the district court of Reno county, its peace officers, or prosecuting attorney, would tolerate any such misconduct on the part of the petitioner as that averred by respondent. She does not even now suggest that she ever made any complaint of the petitioner's alleged misconduct.

Upon an order whose validity the mother disputes for want of notice, want of jurisdiction, etc., the Reno county district court changed the custody of the children from the mother to the petitioner. They have a sister, Miriam, the petitioner's seventeen-year-old daughter who resides with her father, who is capable of assisting him in caring for and rearing the children and well-disposed to do so.

This being an original proceeding in this court we must appraise all these circumstances, as well as the showing of facts adduced by the litigants. There is no material issue of law in this action. Counsel for petitioner claim rather too much for the continuing jurisdiction of the district court. Whether through want of power or otherwise it did not make effective its order that the children be restored to their Hutchinson city home. And the petitioner did not make any effective challenge of the jurisdiction of the Sedgwick county court. Indeed, he himself eventually invoked its jurisdiction. Nor can we attach much weight to the orders of the district court of Sedgwick county. Manifestly those orders were but temporary. To hold otherwise would raise an inference that that court was disposed to set at naught important features of the judgment of the district court of Reno county. It made no order touching the children's right to reside in their own home in Hutchinson or their right to the society of their sister or to that of their father on reasonable occasions. The third division of the district court of Sedgwick county, or its judge, settled nothing except that at the time the sheriff of Reno county and the petitioner came to Wichita armed with the orders of the Reno county district court, on the showing then and there made it would not order that the mother be deprived of the custody of the children. Right or wrong, that decision is of no great consequence at this time.

This court holds that the excuse of the father's alleged drunkenness, profanity and violence, if true, did not warrant the respondent in taking the children from their home. We think the matter of immediate and paramount concern in this lawsuit is that these two children be promptly returned to their home in Hutchinson, and the order of this court will be to that effect. But the court is reluctant to deprive the mother of their custody, and for the present it will not do so if she is disposed to return with them to their home in Hutchinson. Neither is the court convinced as to the father's al-

*In re* Hipple.

leged unfitness to have the custody of the children, so if the mother does not choose to return with them to their home it will be this court's order that the custody of the children be transferred from the mother to the father. If the mother returns with the children to the Hutchinson home, the father will be privileged as heretofore to visit them at reasonable intervals, to wit: twice a week in the daytime, at which specified intervals he may take them to places of amusement and automobile riding. And it will be the further order of this court that if hereafter the mother shall have any reasonable basis to complain against the petitioner on account of drunkenness, violence or profanity during his visits to the children, or by disturbing her peace in any other fashion, she may invoke such redress as this court, or the police authorities or the courts of Reno county can afford.

The respondent makes a request for a monetary allowance to pay her expenses in this lawsuit. She has no claim on this petitioner which would require or permit her to conduct this litigation at his expense. He is not her husband; he owes her nothing; and her request is denied.

For the present this court will retain jurisdiction of this cause for such other or further orders as events shall justify.

It is so ordered.