[No. 3191.   Dec. 27, 1928.]

NEW YORK LIFE INS. CO. v. MARTIN.

[273 Pac. 916.]

Francis C. Wilson, of Santa Fe, for plaintiff in error.

George C. Taylor, of Albuquerque, for defendant in error.

## OPINION OF THE COURT

BICKLEY, J. Olga A. Martin (defendant in error) who is the surviving widow of Frank A. Martin, deceased, and the beneficiary in the policy of insurance herein referred to, instituted this suit against the plaintiff in error, New York Life Insurance Company, to recover judgment upon a policy of insurance issued by it upon the life of Frank A. Martin, under date of October 18, 1907, in the principal sum of $2,000, less the sum of $276. The plaintiff in error admitted the issuance of the policy, and that all premiums thereon up to and including the year 1914 had been duly paid. It pleaded, by way of affirmative defense, that the annual premium due on October 18, 1915, was not paid; that, by the terms of the policy, it was extended for a period of 3 years, plus 329 days, which extended time expired about 7 days prior to the death of insured, which occurred on September 22, 1919. The nonpayment of the premium referred to was denied by the defendant in error.

A jury being waived, the case was tried by the court.

At the conclusion of the trial, the court announced his findings and conclusions, which were filed as, "Findings and Opinion of the Court."

In a former review of this case reported in Martin v. New York Life Ins. Co., 30 N. M. 400, 234 P. 673, 40 A. L. R. 406, certain controlling legal principles were set forth for the guidance of the trial court upon a subsequent trial. One was that where the insurer had issued and delivered to the insured its official receipt acknowledging payment of the premium provided for in the policy, the burden rested upon such insurer to show that a check given in payment of the premium was not received as payment. The effect of the court's finding is that the insurer's official receipt was issued and delivered to the insured, and that under our former decision a prima facie case for the plaintiff was made out. Plaintiff in error challenges the sufficiency of the evidence to warrant this

finding and conclusion of the trial court. We have read the record, and in view of the familiar rule that findings of fact supported by substantial evidence will not be disturbed upon appeal, the point is ruled against plaintiff in error.

Even if the court had concluded that the check was not accepted as payment of the premium unless the check should be paid, the plaintiff in error was required to discharge another burden. In our former opinion, we said:

"It [the insurance company] would necessarily bear the further burden of showing that such check was presented to the bank upon which it was drawn, and that its payment was refused."

The plaintiff in error contends that it discharged this burden. The trial court found and concluded otherwise, and, upon a careful consideration of the record, we find no fault with the trial court's action.

We are not impressed with the contention that the deceased acquiesced in the claim of the insurer that the premium check had not been accepted as payment, and that the policy had lapsed. Statements and conduct of the deceased seemed to have been actuated by the statement, made by the company's official, that the premium check had been dishonored by the bank upon which it was drawn. The record indicates that this assertion, doubtless made in good faith, was erroneous, and creates a doubt as to whether the check was presented to the bank upon which it was drawn. As the trial judge said:

"The records have been lost and the whole thing is shrouded in mystery."

Finding no error in the record, the judgment is affirmed, and judgment is rendered also against the American Surety Company of New York, surety on the supersedeas bond of plaintiff in error, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.