376 P.2d 36

Manuel ORTIZ, Plaintiff-Appellee,

v.

Pat PADILLA and Flora Padilla, Defendants-Appellants.

No. 7142.

Supreme Court of New Mexico.

Nov. 9, 1962.

Quintana & Wintermeyer, Albuquerque, for appellants.

Martinez & Coan, Grants, for appellee.

JAMES M. SCARBOROUGH, District Judge.

The plaintiff Manuel Ortiz sought damages from the defendants because of the defendants' alleged wrongful conduct in causing or contributing to fire damage to a cafe building which had been erected on plaintiff's land by the defendants under an agreement pursuant to which the defendants would occupy said building rent free for a period of time and upon termination of their occupancy the building would become the property of the plaintiff. Upon a trial of the case to the court, the court found that the defendants "did not attempt to control the fire but instead caused it to do considerable damage by breaking out the windows in the building, thereby permitting oxygen to enter," and awarded damages to the plaintiff in the amount of $1,010.00.

Defendants assign two errors: First, that there was no substantial evidence to support the court's finding of fact number four, the substance of which is quoted above, and second, that the court erred in awarding the plaintiff "one-half (½) of the insurance proceeds, ($1,010.00), collected from the destruction of the building."

Examination of the transcript reveals that there was ample substantial evidence to support finding of fact number four.

The trial court obviously believed the testimony supporting the quoted finding of fact and disbelieved defendants' testimony which was to the contrary. It was the trial judge's proper prerogative to weigh the evidence.

and to judge of the credibility of the witnesses. Indeed, it was his solemn and inescapable responsibility to find the ultimate facts to be gleaned from a consideration of contradictory evidence. No error is to be found in the trial court's having adopted finding of fact number four. Maryland Casualty Co. v. Jolly, 67 N.M. 101, 352 P.2d 1013; Valdez v. Salazar, 45 N.M. 1, 107 P.2d 862; New York Life Insurance Co. v. Martin, 33 N.M. 617, 273 P. 916.

As the second assignment of error, the trial court simply did not do what appellants charge, or, in other words, the trial court did not award to the plaintiff any fractional or percentage part of the sum of money which the defendants received from insurance which they procured and carried on the restaurant building. The court did award the plaintiff damages in the sum of $1,010.00. Such sum was less than the total amount received by defendants from the insurance company on account of the fire loss. That the amount of recovery adjudged to the plaintiff happens to be equal to one-half of the sum which the defendants received from the insurance company does not render the judgment in favor of the plaintiff improper.

Any award to the plaintiff in an amount less than the total received by the defendants from the insurance company would represent some fractional or percentage part thereof. That mathematical result would not even suggest any impropriety in the amount of the judgment. The amount awarded to the plaintiff is not attacked or challenged as unsupported by the evidence or as excessive in amount or otherwise than in the particular above referred to.

There being no error, the judgment of the trial court is affirmed.

IT IS SO ORDERED.

CARMODY and NOBLE, JJ., concur.