No. 43,094

RAY A. CLARK, *Appellant*, v. MARGARET G. CLARK, *Appellee*.

(379 P. 2d 240)

Opinion filed March 2, 1963.

*Forrest A. Jackson* and *Eugene C. Riling,* both of Lawrence, argued the cause and were on the briefs for the appellant.

*Wayne Allphin, Jr.,* of Lawrence, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is the aftermath of a divorce action in which a plaintiff father appeals from orders and rulings made by the trial court in connection with the status of the custody order, made in the original proceeding, relating to the minor son of the parties.

Although not in dispute the basic pertinent facts on which the rights of the parties depend are important to a proper understanding and review of the issues involved. For that reason such facts will be stated in accord with our view of their import as briefly as the state of the record permits.

On February 17, 1955, in what was obviously a concerted effort, both parties being residents of Douglas County and each engaged in the lawful practice of medicine in that community, plaintiff, Ray A. Clark, was granted a divorce from defendant, Margaret G. Clark, in the district court of Pottawatomie County on grounds of gross neglect of duty and extreme cruelty. Shortly prior to rendition of the judgment the parties entered into a postnuptial agreement the provisions of which, so far as here pertinent, read:

"That Margaret G. Clark shall have as her sole and separate property, free from any claims of her husband, Ray A. Clark, the following described real estate and personal property, to wit: (DESCRIPTION)

"That Ray A. Clark shall have as his sole and separate property, free from any claims of his wife, Margaret G. Clark, the following described real estate and personal property, to wit: (DESCRIPTION)

"That said Margaret G. Clark, wife of said Ray A. Clark, in consideration of the foregoing provisions, releases her *said husband from all obligation to support her, and,* in case of divorce, *from all obligation to pay her alimony.*

"This agreement is intended as a fair, full, and complete settlement of all rights in property now owned by the parties hereto or either of them.

"That their son, Ray A. Clark, Jr., who is now a student at the University of Kansas, shall remain with his mother, Margaret G. Clark, and his father,

Ray A. Clark shall pay the sum of $100.00 per month to her for the proper care, support, maintenance and education of said Ray A. Clark, Jr., unless and until otherwise agreed by the parties hereto. . . ." (Emphasis supplied.)

After hearing the case the district court found, among other things, that the postnuptial property settlement between the parties, which was introduced in evidence, was fair and just and should be approved and confirmed and made a part of the divorce decree, and that the plaintiff should have reasonable right of visiting with the son and have such child with him at reasonable times. Orders were made and included in the journal entry accordingly.

Further portions of the judgment and decree as reflected by the journal entry, which it is to be noted do not fully conform with the last paragraph of the postnuptial agreement, read:

". . . that the custody *of the minor child* of the parties hereto, Ray A. Clark, Jr., *age 16,* is hereby awarded to the defendant, and the plaintiff shall pay the sum of $100.00 per month to the defendant for the proper care, support, maintenance and education *of said minor child until otherwise ordered and directed by the court;* . . ." (Emphasis supplied.)

On April 1, 1959, the son, Ray A. Clark, Jr., became twenty-one years of age. All child support payments were made by plaintiff up to and including that date.

On November 16, 1961, the plaintiff filed a motion asking that the court modify and change the order and judgment entered on February 17, 1955, for the reason and upon the ground plaintiff was not liable for any further child support payments for said minor under the judgment after such minor became twenty-one years of age on April 1, 1959. After a hearing on the motion the court, on January 3, 1962, disposed of such motion by an order which, so far as here pertinent, reads:

". . . the Court finds that the plaintiff's Motion to modify and change order for child support in the above-entitled case should be sustained in part as of December 5, 1961; that the order of this Court dated February 17, 1955, directing that plaintiff pay the sum of $100.00 per month to defendant for the care, support, maintenance and education of the minor child of the parties, Ray A. Clark, Jr., as set out and agreed to by the parties in a post-nuptial agreement, approved by the Court and made a part of the Court's decree as of February 17, 1955, is terminated as of December 5, 1961; that the said post-nuptial agreement has been in effect and the plaintiff is obligated thereunder for such monthly payments up to and including the month of November, 1961; that the plaintiff should pay the court costs herein, AND IT IS SO ORDERED."

On February 3, 1962, the plaintiff filed a motion in the district court to set aside the foregoing order. Portions of such motion, material to a disposition of the appellate issues here involved, read:

"COMES Now the plaintiff and moves the Court to set aside that part of the Order made herein on January 3, 1962, requiring the plaintiff to pay support of $100.00 per month to the defendant for Ray A. Clark, Jr., from the time he attained his majority on April 1, 1959, to December 5, 1961, totalling $3,200.00, for the following reasons:

"1. The Court had no jurisdiction to make and enter such an order.

"2. The Order for support of minor child dated February 17, 1955, had not been appealed from reversed or modified.

"3. Since April 1, 1959, when Ray A. Clark, Jr., became 21 years of age, the plaintiff has conveyed to Ray A. Clark, Jr., real estate worth more than $12,000.00."

Thereafter, and on February 20, 1962, after a full and complete hearing on the merits of the last mentioned motion the court made an order. Pertinent portions of that order read:

"And the Court, . . . finds that the Order of this Court entered herein on January 3, 1962, should be modified in that any judgment in favor of the defendant [Margaret G. Clark] against the plaintiff [Ray A. Clark] may be satisfied by payment on the part of Ray A. Clark, Jr., to the defendant in the amount of $3,200.00, by mortgage or deed of property; or otherwise, . . . that the plaintiff's Motion to Set Aside Order should be overruled, . . ."

Thereupon, within the time prescribed by statute, plaintiff gave notice that he was appealing from the orders of January 3, 1962, and February 20, 1962, (describing them). The appeal has been duly perfected and appellant brings the cause to this court under proper specifications of error.

The principal claim advanced by appellant in this appeal, on which all other questions raised by the parties depend, is that the trial court had no jurisdiction to make an order in connection with its February 17, 1955, judgment requiring the appellant to pay appellee any sum whatsoever for the care, support, maintenance and education of their minor child after it became twenty-one years of age on April 1, 1959; hence that portion of the order susceptible of a construction appellant was required to make payments for the care, support and education of such child after he attained majority is void and unenforceable.

It must, of course, be conceded that our statute (G. S. 1949, 60-3009) relating to proceedings for the vacation and modification of judgments provides that "A void judgment may be vacated at any time, on motion of a party or any person affected thereby." And

it cannot be denied our decisions universally hold that a judgment rendered by a court which it has no jurisdiction to render is void and may be set aside at any time on motion or other appropriate proceedings (*Poorman v. Carlton*, 122 Kan. 762, 253 Pac. 424; *Penn. Mutual Life Ins. Co. v. Tittel*, 153 Kan. 530, 111 P. 2d 1116; *Mc-Fadden v. McFadden*, 174 Kan. 533, 539, 257 P. 2d 146); that the length of time which has lapsed between the void judgment and the motion to vacate is inconsequential (*Cadwallader v. Bennett*, 187 Kan. 249, 356 P. 2d 862.); and that this court has ample authority to modify a judgment, or any portion thereof, which is void under the provisions of 60-3009, *supra*. (*Hardcastle v. Hardcastle* [on rehearing], 131 Kan. 627, 628, 293 Pac. 391; *Shriver v. Board of County Commissioners*, 189 Kan. 548, 554, 370 P. 2d 124.)

At the outset, arguments advanced by the parties make it necessary to determine the nature of the trial court's support order. On the one hand appellee contends the order is based specifically on what the appellant agreed to do by contract in writing, not on his legal obligation as a parent pursuant to G. S. 1959 Supp., 60-1510, now G. S. 1961 Supp., 60-1510, and that there is no ambiguity and conflict existing between the agreement and the judgment of the court. On the other hand appellant contends such order was based on the provisions of the foregoing statute which, so far as here pertinent, read: "When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the *minor* children of the marriage, . . ." (Emphasis supplied.) Let us see. Conceding the court made the contract a part of its decree it becomes obvious, upon resort to the heretofore quoted support paragraphs of the contract and the judgment, that it was making its support order under the statute (60-1510) and not basing such order upon the support clause of the contract. This is fully demonstrated by the fact that the order constitutes an allowance for the proper care, support, maintenance and education *of said minor child until otherwise ordered and directed by the court*, whereas the contract does not purport to contain those provisions.

Having determined that the order in question is to be construed as a pure and simple support order, made under the provisions of 60-1510, *supra*, we have no difficulty in concluding that the paramount question, to which we have heretofore referred, has been decided by our decisions, to which we adhere, in accord with appellant's view as to its disposition.

Long ago in *Emery v. Emery*, 104 Kan. 679, 180 Pac. 451, a case which has been cited with approval in numerous subsequent decisions and which has never been disapproved, we held:

"The statute authorizing the court upon granting a divorce to provide for the guardianship, custody, support and education of the minor children of the marriage, contemplates making provision for the children only during their minority, and grants no power to transfer any of the property of either parent to the children for the purpose of creating an estate for their permanent benefit. A part of a decree attempting to do this is wholly void and open to collateral attack." (Syl. ¶ 1.)

And in the opinion said:

". . . Inasmuch as no appeal was taken and no effort was made to procure a modification of the judgment according to some method prescribed by the statute, it has become final and is binding upon the parties unless the portion of it now in question was without force from the beginning by reason of being in excess of the jurisdiction of the court. (p. 680.)

. . . . . . . . . . . .

". . . The provision with regard to the protection of the children reads: 'When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper.' (Gen. Stat. 1915, § 7580 [now G. S. 1961 Supp., 60-1510, which contains identical language].) This clearly means that provision shall be made for the support and education of the children until they shall become of full age. It does not contemplate the creation of a fund for their maintenance after attaining majority, their parents being then under no legal obligation tu care for them.

"A judgment which declares a legal obligation where none exists under the statute may be effective until set aside in accordance with some prescribed method, upon the ground that where the court is required to pass judicially upon a question the binding force of its decision does not depend upon its correctness (*Investment Co. v. Wyandotte County*, 86 Kan. 708, 121 Pac. 1097); but that principle applies only where the action taken is within the field over which the power of the court extends. Although a court may be called upon to decide the extent of its own power, it cannot be true that where the question so presented is purely one of law, a mistaken decision affirming its jurisdiction must be deemed binding upon the parties to the litigation until set aside, for this view would, in effect, abolish the limits of jurisdiction, and a judgment (for instance) by a justice of the peace upon a claim for more than three hundred dollars would be merely erroneous, and not void. It may not always be easy to distinguish between the attempted exercise of a power that is utterly lacking, and the mistaken exercise of an existing power, but the soundness and importance of the distinction cannot be doubted.

"The power even of a court of general jurisdiction does not extend to taking property from a party to an action and giving it to a stranger. Whatever power the district court has in a divorce suit to afford protection to the

children of the parties, is derived from the statute quoted, and is limited to making provision for their support and education during their minority. We regard the attempt to give them outright a part of the father's property, as lying outside the power granted, and therefore as wholly ineffective, where, as is this case, it is clear that the purpose of such transfer was not to make provision for their maintenance during their minority." (pp. 681, 682.)

For a more recent decision of like import see *Allison v. Allison*, 188 Kan. 593, 363 P. 2d 795, which holds:

"Where parents have been granted a divorce the provisions of G. S. 1959 Supp., 60-1510, authorize the making of provision for the children of the marriage only during their minority. (Syl. ¶ 3.)

"The provisions of G. S. 1959 Supp., 60-1510, are sufficiently broad to authorize a trial court to make provision for the college education of a minor child, where the evidence shows a plan for such education, and ability on the part of a parent to provide such education. Thus, it is proper for a trial court to require a suitable life insurance policy designating the child as beneficiary to assure the child an opportunity for a college education, provided the responsible parent is not bound to continue such policy of insurance beyond the age of the child's majority." (Syl. ¶ 5.)

And in the opinion states:

"Where a divorce has been granted it has been held 60-1510, *supra*, authorizes making provision for the children of the marriage only during their minority. (*Emery v. Emery*, 104 Kan. 679, 180 Pac. 451; and *Sharp v. Sharp*, supra.)

"On this point the appellee concedes the portion of the order which carries the beneficiary of the life insurance policy beyond the age of minority is invalid, and it is suggested that portion of the order should be amended or sent back for modification by the trial court so that it will not exceed the age of majority of the minor child. (p. 599.)

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"In our opinion, it is proper for a court to require a suitable insurance policy designating the child as beneficiary to assure the child an opportunity for a college education, *provided the responsible parent is not bound to continue such policy of insurance beyond the age of the child's majority.* Here the order of the trial court authorized the appellant to change the beneficiary in the policy 'upon said minor child reaching the age of 25 or having graduated from college.' *As heretofore noted, the extent to which the trial court required the appellant to carry the minor child as a beneficiary beyond the age of majority is invalid.*

"On the facts presently before the court, we think it is properly within the discretion of the trial court to make provision for the education of the minor child in question by an order requiring the appellant to establish a trust fund, as herein set forth, and to designate such child as the beneficiary of one-half of the $10,000 government insurance policy, *until such time as the child graduates from college or attains the age of majority.*" (p. 602.) (Emphasis supplied.)

We know of and are cited to no decisions in this jurisdiction holding that under the facts and circumstances of record a support order such as is here involved, if construed to extend beyond the age of majority, can be held to be valid and enforceable. Moreover, what has been heretofore stated, and held in the decisions to which we have referred, compels a conclusion the portion of such support order, subsequently held by the trial court to extend the payments for support of the child of the parties for a period of time after he reached the age of majority, is wholly void and unenforceable. By the same token, it necessarily follows that the trial court erred in its orders of January 3, 1962, and February 20, 1962, wherein, in each order, it held in effect that post majority child support payments, amounting to $3,200.00, were valid and enforceable under the original decree and must be paid to the appellee by either the appellant or the adult child of the parties.

Therefore, and without further ado, the orders and rulings of the trial court, last above mentioned, are reversed and the cause is remanded to the district court with directions to set them aside and modify the original child support order in accord with the views herein expressed.

It is so ordered.