APPELLATE DIVISION

HUBERTO A. TAISACAN,              )    APPEAL NO. 82-9004
                                  )
        Plaintiff-Appellee,       )    CTC CIVIL NO. 79-212
                                  )
            vs.                   )
                                  )
HERMAN A. MANGLONA, and the.      )          OPINION
HEIRS OF HERMAN A. MANGLONA,      )
MARTIN A. MANGLONA, and ROSA      )
MANGLONA PANGELINAN,              )
                                  )
        Defendants-Appellants.    )
                                  )

Before:  LAURETA and GILLIAM, District Judges, and SOLL*,
         Associate Judge

Soll, Associate Judge:

        This is an appeal from a judgment quieting title in
certain real property to plaintiff-appellee Taisacan.

        This case was initiated in 1979 by Taisacan to quiet
title in certain real property purchased by him from Herman
Manglona in 1972.  Herman Manglona is not a party to this action
as he is presumably beyond the reach of service.  The action
proceeds against the children of Herman Manglona, defendants-
appellants herein.  The facts of the case relevant to this appeal
are undisputed.

*Hon. Herbert D. soll, Commonwealth Trial Court Associate Judge,
 sitting by designation pursuant to 48 U.S.C. 6 1694(b).

On June 27, 1967 Herman Manglona was divorced from Margarita A. Manglona in Civil Action No. 198, Trial Division of the High Court of the Trust Territory of the Pacific Islands. Paragraph 3 of the Decree of Divorce issued by the court ordered that Herman Manglona promptly take any and all actions reasonably necessary for him to obtain legal title to certain homestead property. Upon acquiring legal title, he was ordered to hold the property in trust for the benefit of, among others, his father and his children; upon his father's inability to further work the land, to transfer legal ownership of the property, free of any trust, to his children, appellants herein.

On May 23, 1969 the Government of the Trust Territory of the Pacific Islands issued a Quitclaim Deed to Herman Manglona for the homestead property.

Herman Manglona did not transfer the property to his children in accordance with the Decree of Divorce. Instead, he sold the property, for value, to the appellee in 1972. Appellee had no actual notice of the 1967 Divorce Decree, nor the terms thereof.

The trial court found that appellee was a bona fide purchaser for value, and that at the time of the purchase he had not been put on notice of any claim by appellants.

Appellants contend that the Decree of Divorce affecting title to the land provides constructive notice to subsequent purchasers when filed in the same district in which the land is situated, and therefore appellee could not have been a bona fide

purchaser for value.

Appellee maintains that the judgment could not provide constructive notice to a subsequent purchaser as the judgment was rendered in 1967, grantor (Manglona) did not receive legal title until 1969, and appellee did not purchase the land until 1972.

Determination of the issue of constructive notice would first require answering several crucial questions which arise upon a reading of the briefs filed with this Court. These questions are interdependent, and each is difficult, if not impossible, to answer from the record herein.

First, there is a question whether the Trust Territory statutes in existence at the time of the judgment provided sufficient direction as to how to properly file and record a judgment affecting an interest in land. Moreover, the record on appeal is devoid of an indication as to whether or not any attempt was ever made by appellants to comply with the procedures which were set forth in the Trust Territory Code at that time. As the appellants were all minors at the time of the divorce decree, the question arises as to whether their interests were adequately protected in the divorce proceeding and whether the judge in that case had a duty to oversee the protection of their interests in the decree, and if so, by what means.

All of these questions are critical to the determination of the issue as presented to this Court by the parties, yet none can be answered from the grossly inadequate record before us.
///

815

This case can, however, be decided on other grounds, wholly as a matter of law. The Decree of Divorce issued by the Trial Division of the High Court is in the record on appeal, and its provisions are not in dispute. This Court, therefore, sua sponte raises the question of whether that portion of the 1967 Decree of Divorce ordering Herman Manglona to transfer legal ownership of his property to his six children was a valid exercise of the court's jurisdiction.

We find that it was not; and for this reason, we affirm the judgment of the trial court.

## ANALYSIS

It is well settled that, in the absence of specific statutory authority, a court granting a divorce has no authority to establish a trust upon the property of one of the parties to secure payments of alimony or amounts decreed for child support. Simpson v. Simpson, 80 Cal. 237, 22 P.2d 167 (1889). In the event a statute exists empowering the court to establish such a trust, the question becomes whether the power was properly exercised, and in this determination the trial court must be accorded a large measure of discretion in determining whether the trust is necessary or proper. Jones v. State, 85 Idaho 135, 376 P.2d 36 (1962) Oles Envelope Corp. v. Oles, 65 A.2d 899 (Md. 1949).

///

///

///

However, while such statutes give the divorce court broad authority to make distribution of the parties' property and provide for the protection and maintenance of the parties' children, it has universally been held that the court is without authority to give the property of the father to the children. <u>Emery v. Emery</u>, 104 Kan. 679, 180 P. 451 (1919); <u>Meltan v. Every</u>, 105 Kan. 255, 182 P. 543 (1919); <u>Farley v. Farley</u>, 227 Cal.App.2d ____, 38 Cal. Rptr. 357, <u>cert.denied</u> 379 U.S. 945, 13 L.Ed.2d 543, 85 S.Ct. 438.

While there is an abundance of case law on this point, the proposition was concisely set forth by the Colorado Supreme Court in <u>Giambrocco v. Giambrocco</u>, 161 Col. 510, 423 P.2d 328 at 330 (1967) as follows:

> A father of children is under no obligation to settle any property upon his children, or to deed them an interest in any asset. On the contrary, he may by will or deed or other voluntary act disinherit a child if he sees fit to do so.
>
> The general rule is that in granting a divorce a court has no authority under the [relevant] statute to decree that a part of the property of the husband shall be the sole property of his children.

Thus, whatever power the court has to afford protection to children in a divorce suit is derived from statute, and is limited to making provision for their support and education during their minority. <u>Emery v. Emery</u>. <u>supra</u>, 180 P. at 452.

///
///

817

Title 39 Trust Territory Code, Domestic Relations, governs the distribution of property upon divorce. Title 39 TTC section 103 provides that:

> "... [t]he court may make such orders for custody of minor children for their support, ..., and for the disposition of either or both parties' interest in any property in which both have interests, as it deems justice and the best interests of all concerned may require. ..."

39 TTC 103 gives the Trial Division of the High Court the broad authority to make a proper distribution of the property before it. The question thus becomes whether the provisions of the 1967 Decree of Divorce, as ordered by the court, reflect a valid exercise of that power.

While it may be suggested that the trust was imposed for the support and eduction of the children during their minority, which would seem within the authority conferred by 39 TTC 103, such a finding would not be consistent with the facts of this case.

The trust provided for in paragraph 3 of the Decree of Divorce was not imposed for the sole benefit of the children of Herman Manglona but for the benefit of his father, his father's wife and his father's grandchildren, including the six children of Herman Manglona.

Secondly, paragraph 5 of the Decree of Divorce specifically provides for the support of Herman's children by awarding to the wife one hundred dollars per month "for the support of the parties' children."

It does not appear from these facts that the purpose of the trust was to provide for the children's support and maintenance during their minority. It was merely a preliminary step in an attempt to give them outright a part of their father's property, as such it lies outside the power granted to the court by statute.

It is thus clear that that portion of the Decree of Divorce purporting to order the transfer of legal ownership of the husband's property, free of any trust, to the children was beyond the jurisdiction of the court, and was therefore without any force or effect. Herman Manglona was free to hold the property himself or to transfer it to whom and in whatever manner he saw fit.

For this reason, we affirm the Judgment of the Commonwealth Trial Court quieting title to the property to the plaintiff-appellee herein.

DATED this _28_ day of _September_ 1983.

_____
ALFRED LAURETA
District Judge

_____
EARL B. GILLIAM
District Judge

_____
HERBERT D. SOLL
Associate Judge