Wayne **WILLIAMS**, Plaintiff in Error,

v.

Noxie **WILLIAMS**, Defendant in Error.

No. 41522.

Supreme Court of Oklahoma.

April 25, 1967.

Ogden, Ogden & Williams, By Charles R. Ogden, Guymon, for plaintiff in error.

Tryon, Sweet & Hensley, By L. E. Tryon, Guymon, for defendant in error.

BERRY, Justice.

This is an appeal from a judgment rendered in an action for divorce and property settlement. The issues to be determined involve the propriety of the trial court's judgment as respects both the jointly acquired property of the marital community, and separate property of the defendant husband.

Plaintiff, Noxie Williams, married defendant (Wayne Williams) in 1940 when the parties respectively were 15 and 17 years old. Neither brought appreciable assets to the marriage, which was begun on the farm of defendant's father, which was turned over to defendant the year following. Four children were born of this marriage, two of whom were minors at the time of trial. The youngest son suffers a speech impediment and requires special private schooling at considerable expense. During the marriage the parties accumulated sizeable holdings by joint industry.

In December 1961, plaintiff sued for divorce upon the grounds of extreme cruelty and gross neglect, and asked custody of the children and for property settlement. Plaintiff also sought and obtained a restraining order, restraining defendant from molesting plaintiff, going upon the homestead, or interfering with plaintiff's possession and conduct of extensive farming operations. Defendant's motion to dissolve such restraining order still was pending when defendant filed answer to the petition October 30, 1963.

The answer admitted the allegations relating to the marriage and the children of the marriage, and further alleged the parties should be divorced by reason of having become incompatible. Defendant further alleged certain of the properties had come to him by gift and inheritance from his parents, and should be set over to him as separate property; that considerable property had been acquired by their joint efforts, and by the use of and income from the inherited properties, and prayed an equitable division of this joint property.

The case was tried (March 23, 1964) and on July 30, 1964, plaintiff was granted a divorce and custody of the minor children. In attempting an equitable property settlement the trial court's minutes, upon which the judgment appealed from was entered, reflect an item by item settlement of the parties' affairs. The extended itemization of the various properties precludes complete recitation of the court's

judgment. However, this is an equity case wherein we examine the entire record and weigh the evidence to determine whether the judgment rendered is clearly against the weight thereof. If the trial court's judgment is clearly against the weight of the evidence, or contrary to applicable law, this Court may reverse the judgment, or render, or cause to be rendered, such judgment or decree which the trial court should have rendered. Smith v. Owens, Okl., 397 P.2d 673. Although having examined the record, attention is directed only to those portions which provide the basis for the argument concerning the asserted inequity inhering in the court's division of the property.

Three questions are raised concerning the correctness of the settlement decree. Two of such questions require determination before consideration can be given to defendant's contention that the trial court failed to effect a fair and equitable division of property acquired by joint industry during coverture.

The first question concerns that portion of the judgment which required that title to the improved homestead, together with other described land, should be deeded to the parties' children as tenants in common, subject to a life estate in the plaintiff. The homestead (NE4, Section 14, Township 4, Range 10) originally belonged to defendant's parents, and came to defendant both by inheritance and gift as separate property. When the parties married there was an old dwelling on the property. Beginning in 1945 the parties began erecting improvements costing approximately $21,000.00 thereon, consisting of a residence ($7,000.00), large quonset type building ($12,000.00) and airplane hangar ($2,000.00). Aside from personal labor, the evidence was that plaintiff contributed a $2,800.00 inheritance toward the total expense of such improvements. The remainder of the real property attempted to be vested in the children was jointly acquired property.

We are not concerned here with a trial court's right to decree a lien against realty to enforce a decree for alimony or child support payments. See 51 A.L.R.2d 663, et seq. The sole question is whether a trial court has authority to vest title to property in children of the parties to a divorce action when attempting equitable division of property. The precise question does not appear to have been presented heretofore in this jurisdiction.

The general rule is that in a divorce proceeding a trial court is without authority to decree any part of the father's property to his children. 24 Am.Jur.2d § 837. Undoubtedly in recognition of this rule, we have had occasion to declare that, in a divorce action, there is no statutory authority for a trial court to require a husband to build up an estate to be paid to a child after he attains majority. Kunc v. Kunc, 186 Okl. 297, 97 P.2d 771.

In Greco v. Foster, Okl., 268 P.2d 215, we held that the trial court in a divorce action could not adjudicate the interest of a wife's cotenant in realty owned by the wife and her father as tenants in common, absent privity of interest, unless the wife's father was made a party defendant. This result was based upon our statutes which require that any person whose interest in property is to be adjudicated must be brought into court under requirements of 12 O.S.1961, § 236. Upon such authority it is clear the children who had reached majority necessarily would have to be brought into court in order to adjudicate what rights, if any, they might have in the parents' property. As concerns any presumed rights of the minor children in the property, a decree rendered without a petition of intervention by a guardian, next friend, or guardian ad litem, would be of no effect. 12 O.S.1961, §§ 226, 228, 229, 1278; Champion v. Champion, 203 Okl. 105, 218 P.2d 354. Assuming that necessity might require adjudication of a child's rights to property involved in settlement of a divorce action, no judgment could be rendered un-

less the child was made a party to the action under the statutes, supra.

We are of the opinion, however, that the trial court lacked authority under our statute, 12 O.S.1961, § 1278, governing settlement of property rights in divorce actions, to decree any part of the estate to the children. This section of our civil code was adopted from the state of Kansas. In Rodgers v. Rodgers, 56 Kan. 483, 43 P. 779, it was held that in a divorce proceeding wherein the wife sought divorce, alimony and child custody, the trial court rightfully could award real property as alimony and for child support. But, the decree involved also purported to vest title to certain property in the children. The Kansas court pointed out that the children were not parties to the action and it was error to attempt to vest title in them, since " * * * No one is an heir to the living."

The case of Emery v. Emery, 104 Kan. 679, 180 P. 451, involved a quiet title action brought by a divorced husband and father against the former wife and two minor children. In the divorce action the trial court had attempted to vest title to the real property in the children, subject to a life estate in the father. The court stated that such a decree could not be construed as a means of providing child support, but was an obvious effort to create an estate for permanent benefit of the children. It was pointed out that the statute providing for protection of children in divorce cases, (G.S.Kan.1915 § 7580, which is to the same effect as 12 O.S.1961, § 1277), only intends that provision be made for support and education of the children until they reach majority, and does not contemplate creation of a fund for maintenance after majority. Stating that only one reported case had been found the court quoted:

" 'The decision of the circuit court given in the suit for divorce, so far as it provides that the premises in controversy should be held by, or for the use of, the minor children of Jacob beyond the time when they should become of age respectively is simply void. Upon any con-

struction that I am able to give the act, the Legislative Assembly did not intend that a father's property should be arbitrarily taken from him and given to his adult child, or, what amounts to the same thing, to his minor child to hold and possess after he becomes of age, because, forsooth, in a civil suit for divorce, he was adjudged to have broken his marriage vows, or neglect the duties which they imposed upon him.' Fitch v. Cornell, 1 Sawy. 156, 170, 171, 9 Fed.Cas. 172, 178 [No. 4,834]."

The rule in the above case was applied again in Melton v. Every, 105 Kan. 255, 182 P. 543:

" 'Whatever power the district court has in a divorce suit to afford protection to the children of the parties is derived from the statute quoted, and is limited to making provisions for their support and education during their minority.' "

Also see Feldman v. Feldman, 166 Kan. 699, 204 P.2d 742, 743. And, in Menor v. Menor, 154 Colo. 475, 391 P.2d 473, 477, that court quoted from Feldman, supra, in support of the conclusion that a trial court lacked authority to require a husband to give his children any property or deed them an interest in any asset.

We have considered a related matter in Roberts v. Roberts, Okl., 357 P.2d 980. In a divorce proceeding the trial court awarded child support, and also directed sale of the parties' home and application of the net proceeds toward an encumbrance free home, title to which was to be vested in the plaintiff and her minor children. On appeal we modified the trial court's judgment, under § 1278, supra, by ordering the title to such home placed in the plaintiff, but under a limitation that plaintiff neither could sell the property nor encumber the title during minority of the children, or further order of the court. Thus, inferentially we have recognized the rule that in providing child support, the assets of the marital community are not to vest in the children, who are entitled only to support and education.

■ We are of the opinion the trial court's judgment which purported to require that certain described real property be deeded to the children of these parties was void. And, for the same reason, the portion of the decree purporting to set aside certain of the livestock as separate property of the children likewise is void and of no effect.

The second issue requiring consideration arises from that part of the property settlement which decreed that property which came to defendant by inheritance and gift should be the plaintiff's separate property. The property involved is the homestead described heretofore, and the NW4 of Section 6, Township 4, Range 11. Defendant acquired 120 acres of the homestead by inheritance. The remaining 40 acres were acquired by the parties jointly as a gift from defendant's father. Although the 120 acres were defendant's separate property, the entire quarter section was occupied and improved as the homestead. This was part of the land the father turned over to defendant, along with other land and necessary farm machinery, and which provided the nucleus for the parties' joint efforts culminating in a sizeable marital accumulation.

■ At the trial no effort was made to fix comparable values of various tracts owned individually or acquired separately. Thus no basis is provided for measuring the equities of the property division decreed, as against the value of defendant's separate estate. The rules governing trial courts' determination of the equitable division of jointly acquired property in divorce cases under § 1278, supra, have been expressed innumerable times. The equitable division mentioned in the statute does not mean an equal division. Tobin v. Tobin, 89 Okl. 12, 213 P. 884; Moyers v. Moyers, Okl., 372 P.2d 844. And, in Van Horn v. Van Horn, 189 Okl. 624, 119 P.2d 825, we said that although an equal division of the property was not required, the statutory requirement means what it says—an equitable division.

■ The equitable division of property contemplated by our statute relates solely to jointly acquired property. Champion v. Champion, supra; Funk v. Funk, Okl., 319 P.2d 599. A divorce obtained for fault of the husband relinquishes the wife's right to any interest in the husband's separate property, except for alimony and support of minor children. See Bruce v. Bruce, 141 Okl. 160, 285 P. 30.

■ The homestead in the present case was separate property inherited by defendant, but which appreciated substantially in value by reason of changing economic conditions and through these parties' joint industry. It is recognized that the homestead may be treated as other property when a division of property is made in a divorce proceeding. Harden v. Harden, 182 Okl. 364, 77 P.2d 721. However, we have not held that judicial disposition of the homestead in a divorce case destroys the quality of the separate estate. We do determine that any enhancement in value of the separate property resulting from joint efforts of the parties should be adjudicated by the trial court in final settlement of the parties' affairs. The time and manner of acquisition of property are elements to be taken into consideration.

The conclusion stated is supported by the reasoning expressed in Kupka v. Kupka, 190 Okl. 392, 124 P.2d 389. Therein we held that although the quantity of the jointly acquired property to be awarded each party is discretionary with the trial court, the nature of the estate to be awarded is not a matter of judicial discretion. The statute, 12 O.S.1961, § 1278, requires that it is only the jointly acquired property which is to be divided, in kind, or all set apart to one party with compensation to the other.

■ The judgment and decree appealed from is against the clear weight of the evidence and contrary to applicable law. The lack of evidence relative to comparative values of the various tracts of land and interests dealt with in the decree precludes our being able either to render, or direct the trial court as to the exact character of the judgment to be rendered. The record does not disclose evidence sufficient to

support rendition of a judgment by this Court. Kupka v. Kupka, supra; Moyers v. Moyers, supra. Because the case must be tried again, we decline discussion of other matters argued by defendant relative to the equities of the decree. We consider it appropriate to note, however, that our holding in Longmire v. Longmire, Okl., 376 P.2d 273, may provide a basis for consideration of certain matters which may be involved upon retrial.

The judgment, as relates to the property division is reversed, and the cause remanded with directions to proceed in conformity with the views herein expressed.

All Justices concur.