**Helen Louise GIST, Appellant,**

v.

**Harold W. GIST, Appellee.**

**No. 46950.**

Court of Appeals of Oklahoma, Division No. 1.

June 3, 1975.

Released for Publication by Order of Court of Appeals June 26, 1975.

Hamilton & McBee, by George H. McBee, Poteau, for appellant.

William D. Mobley, Poteau, for appellee.

REYNOLDS, Judge:

This appeal is a divorce action in which the court awarded a divorce to Helen Louise Gist, plaintiff-appellant, upon the grounds of incompatibility due to the fault of the defendant-appellee. The appellant brings this appeal from the decision of the court in dividing the property acquired during the marriage, particularly on the basis of the trial court's division of real property that was held as joint tenants with the right of survivorship; and the decision of the court denying appellant alimony.

The plaintiff and defendant were married on the 6th of December, 1950. The plaintiff worked for wages and contributed to the family income for 12 years, during which time she performed the duties of a housewife and helped feed and take care of the cattle. In 1963 the plaintiff and defendant adopted a daughter and the plaintiff ceased working for wages. The daughter at the time of the divorce hearing was ten and a half years of age.

On November 17, 1972, the defendant left the house and went to live with his mother. Plaintiff filed her petition for divorce on February 3, 1973. Trial to the court was held on June 28 and 29, 1973. The Decree of Divorce filed August 24, 1973, awarded the plaintiff a divorce on the grounds of incompatibility, custody of the minor child, and $175.00 per month child support. The trial judge awarded certain property to plaintiff and certain property to defendant. The trial judge in his decree awarded plaintiff the home on 0.74 acre of land, and attorney fee of $500.00.

At item VI of the Decree of Divorce:

"The Court finds that the plaintiff is not awarded any alimony in this case for the reason that she is receiving a substantial amount of property that would ordinarily be vested in the defendant be-

cause such property was inherited by the defendant."

The salient question involved is, did the court award plaintiff a substantial amount of the defendant's inherited property?

In 1968 the plaintiff and defendant purchased 29.85 acres of land, and took title as joint tenants with right of survivorship. The testimony received over objection of plaintiff was that funds to purchase the land came from defendant's inheritance. Later, when the house was built, part of the funds were from defendant's inheritance and some from the joint funds of the parties.

■ Since title to the property was held in joint tenancy the court erred in admitting, over counsel's objections, defendant's statement as to alleged contributions he made to the purchase and improvements of the property from his separate funds.

The Oklahoma Supreme Court stated in Shackelton v. Sherrard, 385 P.2d 898, at p. 900, as follows:

"Under the circumstances here as to a third party Grantee (defendant herein), we believe the better rule is that where a man and woman have acquired property in joint tenancy while cohabiting as husband and wife, even under an illegal marriage, the same rule will be applied by analogy as would obtain under a valid marriage. Under such rule it is ordinarily immaterial how much money the wife or husband has actually contributed to the purchase of the property involved because a gift from one to the other is presumed. Absent any fraud or special agreement where the wife or husband knowingly agrees and consents to the conveyance being made to themselves as joint tenants, either is estopped to deny the tenancy of the other."

In Shackelton v. Sherrard the court also stated at p. 900:

"Plaintiff also contends that the trial court erred in refusing to permit her to testify that she had furnished $1,000.00 of the $1,400.00 consideration for the property from her separate funds. Our research has led us to no case where this particular point is raised under similar facts; however, the general rules appear in the annotations in 43 A.L.R.2d 922–924 and clearly support the trial court's ruling."

The rule announced by the court in *Shackelton* is stated specifically in 43 A.L. R.2d 922, as follows:

"Ordinarily, notwithstanding the wife pays all of the consideration, a gift to the husband results if the wife consents to the conveyence being made to herself and husband."

Therefore, we hold that no part of the joint tenancy property of the parties could be considered as either the husband's or wife's separate property. Each party would be estopped from offering evidence to a separate contribution for the purchase of the joint tenancy property without first showing fraud or a special agreement between the parties wherein the nature of the joint tenancy would be changed, which is not the case herein.

■ The evidence showed the barn and cow lot to be 15 to 16 steps from the back of the house; lateral line and septic tank to be on the land awarded to defendant. This would leave the property awarded to the plaintiff under the dominance and control of the defendant. This would not be in accordance with the principle of law established in Lawson v. Lawson, 295 P.2d 769 (Okl.1956), wherein the Supreme Court of Oklahoma held in the Syllabus by the Court:

"Unless its application is waived by the parties the statutory provision relating to division of the property between divorced parties intends that property be so divided that the portion awarded to one spouse is free from the claims or domination of the other, and there is a complete severance of common title."

We think this is good law and should be followed.

We will now proceed to the question of alimony.

In the case of Kirkland v. Kirkland, 488 P.2d 1222 (Okl.1971), the Oklahoma Supreme Court held:

"In determining amount of alimony to be awarded in divorce action, the Court is authorized to take into consideration, among other things, the separate inherited property of the parties.

"In determining the amount of alimony to be awarded in divorce action, consideration is to be given to conduct of parties, and wife's condition and means, as well as the husband's estate and ability to pay alimony."

In the present case the undisputed testimony shows that the defendant had take-home pay of at least $304.00 every two weeks, no outstanding debts, outside income from soy bean rent, cattle and cutting of hay; that he further has accumulated for himself a retirement fund by his work with the U. S. Postal Department, and has insurance coverage.

■ It is obvious from the decision of the trial court that the reason the court did not award appellant alimony is for the reason that the trial court believed she was receiving property which would ordinarily be vested in defendant because such property was inherited by the defendant. The trial court was in error in thinking that the joint tenancy property of the parties should be considered as inherited property or separate property of the defendant.

At plaintiff's age, with no special training or education, it will be impossible for her to live and raise a minor child on $175.00 per month.

In Houser v. Houser, 460 P.2d 436 (Okl.1969),

" . . . [A]limony is based upon need, whereas property division involves giving to each party an equitable part of jointly acquired property, without regard for necessity or need of the parties."

In Smith v. Owens, 397 P.2d 673 (Okl. 1963), the Oklahoma Supreme Court stated:

"In the case of equitable cognizance, where the judgment of the trial court is clearly against the weight of the evidence or contrary to the law applicable thereto, this Court will reverse such judgment or decree, or render or cause to be rendered such judgment and decree as the trial court should have rendered. See Federal National Mortgage Association v. Walter, Okl., 363 P.2d 293."

It is therefore the order of this Court that the trial court's division of the properties is hereby ordered amended in the following particular, to-wit:

To plaintiff Helen Louise Gist as her separate property:

The South 396 feet of the East Half of Lot 4, Section 18, Township 9 North, Range 26 East of the Indian Base and Meridian, the same being also described as the South 396 feet of the Southeast Quarter of the Southwest Quarter of the Southwest Quarter of Section 18, Township 9 North, Range 26 East, LeFlore County, Oklahoma.

And striking from said judgment the following:

"That the Plaintiff should be awarded as her separate property, the following:

"(a) The house and yard fence immediately surrounding said house, said property being more particularly described as follows:

"Part of Lot 4, Section 18, Township 9 North, Range 26 East, described as follows: BEGINNING at a point 110 feet West of the Southeast corner of said Lot 4; thence North on a true line for a distance of 185.5 feet to a point; thence North 88 degrees 56 minutes West for a distance of 173 feet to a point; thence South on a true line for a distance of 188 feet to a point on the South member of said Lot 4; thence South 89 degrees 46 minutes East for a distance of 173 feet, to the point of beginning, together with all the improvements and appurtenances thereunto belonging. The foregoing embracing an area of $.74 acre and subject to legal right of way."

It is further ordered that the defendant shall pay to the plaintiff the sum of $5,000.00 as support alimony, payable in monthly installments of $100.00 per month until paid. Such payments shall terminate upon death or remarriage of plaintiff in accordance with 12 O.S.1971, § 1289.

It is further ordered that the defendant is to receive as his separate personal property the barn, and it shall be removed from plaintiff's property within 120 days.

In all other respects the original divorce decree is to remain as originally entered by the trial court.

The plaintiff has requested from the defendant the cost of this appeal and attorney's fees. We find the plaintiff's attorneys are entitled to additional fees. Roberts v. Roberts, 357 P.2d 980 (Okl. 1960). All circumstances considered, the defendant is hereby ordered to pay the cost of this appeal and additional attorney's fee of $1,000.00.

Affirmed in part; reversed in part and remanded with instructions.

ROMANG, P. J., and BOX, J., concur.