Linda S. JILES, Appellee,

v.

E. W. JILES, Appellant.

No. 49868.

Supreme Court of Oklahoma.

June 13, 1978.

Rehearing Denied Jan. 19, 1979.

Turner, Turner & Green by Kenneth W. Turner and Frederick S. Lutz, Oklahoma City, for appellee.

Hirst & Miskovsky by Marti Hirst, Oklahoma City, for appellant.

DAVISON, Justice.

This case involves an appeal from a divorce decree entered by the District Court of Oklahoma County. In his appeal, the appellant, E. W. Jiles, attacks the division of property, the award of alimony in lieu of property division, the award of support alimony, the award of child support and the award of attorney fees, as being unjust, inequitable, unfair, excessive and against the clear weight of the evidence, all constituting an abuse of discretion by the trial court. The appellant also attacks the jurisdiction of the Special Judge to hear the divorce case, and argues that he was denied a speedy trial.

We will first consider the jurisdictional matter. 20 O.S.1971 § 124 provides as follows:

"All objections to the determination of an action by a special judge are waived unless made before the trial or hearing begins. No order or judgment is void or subject to collateral attack merely because it was rendered by a special judge."

In the case before us, no objection to the determination of the divorce case was made prior to trial. In fact, the only objection to jurisdiction in the record was made after judgment, at a hearing on a Motion to Settle the Journal Entry. At that hearing, appellant's counsel objected to the jurisdiction of the Special Judge, indicating that several months prior to trial, he had a conference with the District Judge to whom the case was originally assigned, and requested that that judge hear the case. At the time of the informal conference, the District Judge refused to hear the case himself and advised plaintiff's attorney that he was going to assign the case to the Domestic Relations Court established by the judicial district. Such an informal request, made on an ex parte basis, not of record, does not rise to the dignity of an objection to jurisdiction, particularly in light of the fact that at the time the conference was held, the appellant's attorney had no way of knowing whether the case would be assigned to a Special Judge or not, as the only indication made at that conference was that the case was being transferred to the Domestic Relations Court. That Court is composed of District Judges, Associate District Judges, as well as Special Judges. Accordingly, we hold that no objection to jurisdiction was made prior to trial, and therefore under the provisions of 20 O.S. 1971 § 124, quoted above, the objection to the jurisdiction of a Special Judge was not timely raised. Therefore, any jurisdictional defect based on the case being heard by a Special Judge was waived and will not constitute grounds for reversal.

We next consider the issues involving the division of the jointly acquired property. The estate of the parties contained real estate interest in tracts of land, buildings, stocks and bonds, partnership interests, and various other properties. Under the division of property set forth in the decree, the wife was awarded various specific items of property: a home and its surrounding property in Oklahoma City, subject to an outstanding mortgage. She was also awarded household items, a promissory installment note payable to the Jiles in the principal sum of $149,600.00 with 9% interest, said note being secured by real estate mortgages on specific property of the debtor involved. She was also awarded alimony in lieu of property division in the sum of $50,000.00. Appellant husband was awarded stocks in various companies, interest in an office building, a nursing home, various tracts of land, oil well interests, and his personal possessions. In addition to being awarded the property listed above, appellee wife was also awarded $50,000.00 in support alimony.

In dividing the debts of the parties, the court required that the appellee wife assume the mortgage on the homestead awarded to her, and ordered the appellant husband to assume all the debts of the parties, which amounted to more than $200,000.00. The only encumbrance on the property granted to the wife was the mortgage on the homestead, while most of the property awarded to the husband was heavily encumbered. Appellant husband argues that the encumbrances on the property awarded to him rendered the property, or most of it, worthless.

In arguing that the division of property was inequitable and clearly against the weight of the evidence, appellant husband asserted, among other things, that there was insufficient competent evidence before the trial court upon which the court could make an evaluation of much of the property to be divided. After examining the testimony dealing with the value of the property of the parties, we agree with appellant's contention. In all but a few instances, the only evidence of the value of each item of property was the husband's testimony that the property, because of its encumbrances, was worthless to him. This testimony was countered by the appellee wife's introduction of an old, out-of-date Financial State-

ment, which was almost a year out-of-date at the time the decree was entered. Although the trial court made no specific finding as to the value of individual items of property, it is clear from the record that the court must have to some extent relied upon the old, out-of-date Financial Statement. As the value of much of the financial property before the court was subject to rapid fluctuation, we hold that the evidence before the trial court, of the value of the property was, because of the passage of time, too remote and therefore was not relevant.

This being the case, it is impossible for this Court to determine the equity of the property division before us, particularly in light of the wide latitude in the evaluations asserted by the parties on appeal.

Accordingly, we deem it appropriate, as we did in *Williams v. Williams*, Okl., 428 P.2d 218 (1967), to remand the case for new trial. In the *Williams* case, supra, we stated:

> "The judgment and decree appealed from is against the clear weight of the evidence and contrary to applicable law. The lack of evidence relative to comparative values of the various tracts of land and interests dealt with in the decree precludes our being able either to render, or direct the trial court as to the exact character of the judgment to be rendered. The record does not disclose evidence sufficient to support rendition of a judgment by this Court. [Cites omitted]. Because the case must be tried again, we decline discussion of other matters argued by defendant relative to the equities of the decree. ******"

As the questions regarding the appropriateness of the award of alimony in lieu of property division, support alimony, child support, and attorney fees, are interrelated to the parties' financial status, and as their financial status will be markedly affected by the property division, we deem it appropriate for the trial court to reconsider those issues on remand, as well as the division of property itself.

In remanding the case, we note that in divorce cases, such as the one before us, in which complex financial interests are involved, it would be of great help if the trial court made specific findings of fact, as to its evaluation of the various items of property, stock, partnership interests, etc., involved in litigation.

For the above stated reasons, we reverse the judgment of the trial court, and remand the case for new trial on the question of division of property.

REVERSED AND REMANDED.

HODGES, C. J., and WILLIAMS, IRWIN and BERRY, JJ., concur.

LAVENDER, V. C. J., and SIMMS and DOOLIN, JJ., dissent.