**Perilea GARVEY, Appellant,**

v.

**James S. GARVEY, Appellee.**

**No. 52108.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 22, 1980.

Released for Publication by Order of Court of Appeals Feb. 21, 1980.

Miskovsky, Sullivan & Miskovsky by Don Cooke, Oklahoma City, for appellant,

Rinehart, Rinehart & Rinehart by Jim Hugh Rinehart, El Reno, for appellee.

REYNOLDS, Presiding Judge:

Perilea Garvey (Appellant) appeals only the property division and alimony provisions of the divorce decree that ended her 4½ year marriage to James S. Garvey (Appellee).

Both parties are in their 50's. Prior to marriage each had accumulated substantial financial means. Appellee was employed as

a truck driver. He also had income from 720 acres of farm land in Blaine County, oil leases, and a pawn shop in Texas. In 1977 his income from these sources was approximately $65,000. Appellant was a home economics teacher prior to marriage. She received income from 160 acres of farm land in Lincoln County and $76,000 in savings accounts.

The trial court divided the parties' jointly acquired property as follows: Appellant was awarded a 1976 Lincoln Continental, the antiques, household goods, and furnishings acquired during the marriage, and a $300 checking account. Appellee was awarded three automobiles and all personal property and effects then in his possession.

The trial court awarded Appellee as his separate property the home in which he was born. Shortly after their marriage, Appellee's mother deeded the Garvey family home, furniture and keepsakes to the parties in joint tenancy. Appellant contends that the trial court abused its discretion in setting aside the home to Appellee as his separate property. We agree.

 The Appellee's mother deeded the Garvey family home to Appellee and Appellant as joint tenants. Appellant thereby acquired a specific interest in the property. In *Gist v. Gist*, Okl.App., 537 P.2d 460 (1975), this Court, citing *Shackelton v. Sherrard*, Okl., 385 P.2d 898 (1963), said:

> Absent any fraud or special agreement where the wife or husband knowingly agrees and consents to the conveyance being made to themselves as joint tenants, either is estopped to deny the tenancy of the other.

\* \* \* \* \* \*

Therefore, we hold that no part of the joint tenancy property of the parties could be considered as either the husband's or wife's separate property.

The trial court erred when it set aside the home to Appellee as his separate property.

The trial court awarded Appellant support alimony in the amount of $9,000 payable at $750 per month for one year. Appellant contends that this amount is insufficient.

The standard of review for an appellate court of an award of alimony is not the substitution of the appellate court's judgment for that of the trial court, but whether there was an abuse of discretion.

The trial court's award of alimony when viewed in light of all the evidence does not constitute an abuse of discretion.

Reversed with directions to equitably divide the jointly acquired Garvey family home.

REVERSED IN PART; AFFIRMED IN PART.

BOX and ROMANG, JJ., concur.