1998 OK CIV APP 64

In the Matter of the ESTATE OF Cecelia ALLEN a/k/a Cecelia L. Allen, formerly Cecelia L. Mulbery, deceased.

Carlos ALLEN, Appellant/Cross–Appellee,

v.

Tracy Wade MULBERY, Appellee/Cross–Appellant.

No. 88872.

Court of Civil Appeals of Oklahoma, Division No. 2.

March 10, 1998.

Certiorari Denied May 6, 1998.

Marcus Holcomb, Holcomb & Harkins, Buffalo, Oklahoma, for Appellant/Cross-Appellee.

Shane Smithton, Hodgden & Hallren, Woodward, Oklahoma, for Appellee/Cross-Appellant.

GOODMAN, Presiding Judge.

¶1 This is an appeal from two orders of the trial court separately filed on January 22, 1997 and March 19, 1997. The January order denied appellant Carlos Allen's (Husband) petition to admit to probate the 1996 last will and testament of his deceased wife,

Cecelia L. Allen (Decedent). The March order admitted to probate her 1982 last will and testament, pursuant to the petition of her son, Appellee Tracy Wade Mulbery (Son), but denied Son's request for his appointment as personal representative of Decedent's estate. Husband appeals the denial of the 1996 will to probate, and admission of the 1982 will to probate. Son cross-appeals, claiming the trial court erred in its conclusion the 1996 will met the requirements of 84 O.S.1991, § 55.[1]

¶2 The relevant facts are set out in the trial court's judgments. We have reviewed the record and transcripts, and find the facts set out in those judgments to be supported by the record. We find it unnecessary to set them out herein.

¶3 We have reviewed the issues framed by the court, the law, and the conclusions drawn therefrom. The trial court determined Decedent's 1996 will did meet the requirements of 84 O.S.1991, § 55, but was the product of undue influence by Husband, the sole beneficiary. The trial court thus refused to admit the 1996 will into probate. While we find no error in refusing to admit the 1996 will into probate, we find the pertinent findings of the trial court to be mutually exclusive, and therefore modify a portion of the trial court's judgment.

¶4 As set out in 84 O.S.1991, § 55(7), the provisions governing a self proved will do not apply if the will is contested. If a proffered will is contested, the proponent of that will must prove each element thereof. This includes proof of the testator's testamentary capacity. Each element of testamentary capacity must be proven before the will can be admitted to probate. Here, the trial court found the will complied with § 55 thus effectively admitting it to probate, but subsequently removed it from probate when it determined undue influence was in operation. This was procedurally deficient. The trial court was under no obligation to admit the will to probate under § 55, because § 55 no longer applied when the will was contested. Upon the finding of undue influence, Husband failed to prove sufficient testamentary capacity, and the will was properly denied admission into probate.

¶5 This court, sitting in equity, can render the judgment which the trial court should have rendered. *Williams v. Williams*, 1967 OK 97, 428 P.2d 218. "Probate proceedings are of equitable cognizance. While an appellate court will examine and

---

1. Every will, other than a nuncupative will, must be in writing; and every will, other than a holographic will and a nuncupative will, must be executed and attested as follows:

    1. It must be subscribed at the end thereof by the testator himself, or some person, in his presence and by his direction, must subscribe his name thereto.

    2. The subscription must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them, to have been made by him or by his authority.

    3. The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will.

    4. There must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence.

    5. Every will, other than a holographic and a nuncupative will, and every codicil to such will or to a holographic will may, at the time of execution or at any subsequent date during the lifetimes of the testator and the witnesses, be made self-proved, and the testimony of the witnesses in the probate thereof may be made unnecessary by:

    a. the acknowledgment thereof by the testator and the affidavits of the attesting witnesses . . .

    b. the written declaration of the testator and the written declarations of the attesting witnesses . . .

    6. Any person falsely executing a written declaration as a witness or misrepresenting his or her identity with the intent to defraud another person pursuant to subparagraph b of paragraph 5 of this subsection shall, upon conviction, be deemed guilty of the crime of perjury and shall be subject to the penalties prescribed by law.

    7. A self-proved testamentary instrument shall be admitted to probate without the testimony of any subscribing witness, *unless contested, but otherwise it shall be treated no differently than a will or codicil not self-proved.* Furthermore, a self-proved testamentary instrument may be revoked or amended by a codicil in exactly the same fashion as a will or codicil not self-proved and such a testamentary instrument may be contested as a will not self-proved.

weigh the record proof, it must abide by the law's presumption that the trial court's decision is legally correct and cannot be disturbed unless found to be clearly contrary to weight of the evidence or to some governing principle of chancery practice. If legally correct, the chancellor's decree will not be reversed because of faulty reasoning, an erroneous finding of fact or the consideration of an immaterial issue." *In re Estate of Eversole,* 1994 OK 114, 885 P.2d 657, 661. We hold the trial court incorrectly found the will was executed in conformance to § 55, but properly denied its admission to probate.

¶ 6 We have likewise reviewed the transcripts and evidence from the hearing of March 12, 1997, held to admit Decedent's 1982 will into probate and determine Son's qualifications to be appointed the personal representative of Decedent's estate. After admitting the will into probate, the trial court determined Son was ineligible to be appointed personal representative for the reasons set out in its March order. We find the record supports the trial court's findings. We likewise find that the legal conclusions drawn by the trial court based on the applicable law and facts are correct.

¶ 7 Based upon our review of the record and applicable law, we summarily affirm the trial court's orders for the reasons stated specifically therein, pursuant to Civil Appellate Procedure Rule 1.202(d), 12 O.S.1991, ch. 15, app. 2, now Oklahoma Supreme Court Rule 1.202(d), 12 O.S.Supp.1997, ch. 15, app. 1.

¶ 8 TAYLOR, C.J., and BOUDREAU, J., concur.